AUGUST SCHARDT v. MICHAEL STOPPER.

EVIDENCE ESTABLISHING EXISTENCE OF PARTNERSHIP.

Where a plaintiff, who denies the existence of a partnership with the defendant, is met by several witnesses who testify as to admissions by him of a partnership, and his name does not appear on the weekly pay roll except in one instance, and he is unable to show any contract with the defendant whereby he was to furnish the material and money which he did furnish for the prosecution of the work, a verdict in his favor is clearly against the weight of the evidence, and should be reversed on that ground.

[For other cases in point, see 6 Cyc. Dig., "Partnership," §§ 553-579.—Ed.]

.ERROR to Hamilton common pleas court.

**Closs & Luebbert,** for plaintiff in error.

**F. E. Niederhelman,** for defendant in error.

GIFFEN, J.

The second amended petition contains three causes of action: the first, for work and labor; the second, for materials furnished; and the third, for money advanced.

The answer contains a general denial to the second and third causes of action, and as a defense to the first cause of action avers that on June 8, 1902, the defendant was indebted to the plaintiff for work and labor in the sum of $62; that at that time plaintiff agreed with defend-

ant to contribute that amount and his labor and become a partner in the execution of a contract for laying up stone for the Cincinnati Gas & Electric Company; that the defendant was to contribute a like sum.

The reply is a general denial of the partnership. The jury returned a verdict for $324, which was more than plaintiff proved, under the first cause of action, and while he offered testimony to prove that he had furnished materials set forth in the second cause of action, and the money advanced in the third cause of action, he wholly failed to prove a contract, either express or implied, upon the part of the defendant to pay therefor.

The court thereupon reduced the amount of the verdict by the sum of $75, and with the consent of plaintiff rendered judgment on the verdict.

The principal question involved was whether a partnership in the particular contract existed. The only testimony concerning the making of the contract and its terms was that of the plaintiff and the defendant, but the defendant called six witnesses, all of whom are apparently credible and each of them testified that during the progress of the work the plaintiff admitted that he and the defendant were partners. Plaintiff denied making any such admission except to one witness, and that for the purpose of deceiving the labor union, which would not permit him to work upon the job as an employe, not being a member of the union.

There is nothing in the record other than the plaintiff's testimony, to show that the other five witnesses were testifying falsely, but, on the other hand, the circumstances related by them under which the admissions were made were such as would naturally arise during the progress of the work and call forth such admissions. Moreover, although the plaintiff prepared or caused to be prepared a weekly pay roll, his name was not included nor did he receive any money during the progress of the work, except at one time he received the sum of $40.

He also alleges and proves that he furnished material and money for the prosecution of the work without showing a contract, either express or implied, that the defendant would pay for the same.

Both of these circumstances, together with the admissions of plaintiff, impel us to the conclusion that the jury either misunderstood the issue upon which the case was tried and the evidence in support of it or were influenced by prejudice. We do not hesitate to say, therefore, that the verdict was manifestly against the weight of the evidence, and will be reversed upon that ground, and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.